UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
D.K. JOHNSON,

                          Plaintiff,                  **MEMORANDUM & ORDER**
                                                            16-CV-2765 (MKB)

                            v.

JUDGE REENA RAGGI,

                          Defendant.
---------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

      Plaintiff D.K. Johnson, proceeding *pro se*, brings this action against Judge Reena Raggi for her role in adjudicating a criminal proceeding against Plaintiff. Plaintiff seeks money damages. (Compl., Docket Entry No. 1.) For the reasons discussed below, the Complaint is dismissed.

**I. Background**

      Plaintiff alleges that in November of 1989, while he was employed by the U.S. Navy at the Brooklyn Naval Station located at 207 Flushing Avenue, Brooklyn, New York, he was "arrested, indicted[1] and tried for attempted murder" in the Eastern District of New York. (Aff. of D.K. Johnson ("Johnson Aff.") ¶ 3, annexed to Compl.) Plaintiff was brought before Judge Raggi in the criminal proceeding and Plaintiff's counsel "challenged the jurisdiction" of the

---

[1] Plaintiff also alleges that the grand jury indictment against him was obtained "without establishing jurisdiction," that without probable cause the Naval Investigative Service Agents searched and seized "thousands of [his] personal documents, audio tapes, correspondence, bank books, letters, telephone bills and other property from [his] room, office, and van," in violation of the Fourth Amendment," and that some of this evidence was provided to the Federal Bureau of Investigation without a warrant, (Johnson Aff. at ¶¶ 7–8), and ultimately used against him at trial, (*id.* at ¶ 10).

court. (*Id.* at ¶ 4.) Plaintiff alleges that the prosecutor failed to establish the court's jurisdiction over his prosecution, (*id.* at ¶ 5), and that Judge Raggi stated that she had jurisdiction over the matter, (*id.* at ¶ 4). Plaintiff alleges that Judge Raggi "knew that she lacked jurisdiction" over his prosecution and sentencing and "knew that she was committing a crime the moment [his] attorney challenged the jurisdiction." (*Id.* at ¶ 5.) Plaintiff alleges that Judge Raggi's actions were "in violation of the due process clause of the Fifth and Fourteenth Amendment[s]." (*Id.*) Plaintiff also alleges that, in July of 1991, he was "tried, convicted and sentenced to ten (10) years) in federal prison" by Judge Raggi. (*Id.* at ¶ 10.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411 (2d Cir. 2015) (A district court may dismiss an action for lack of subject

matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))). Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000). "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Schachter v. Brown*, 93 F. App'x 320, 321 (2d Cir. 2004) (internal quotation marks omitted) (quoting *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999)); *Allah v. City of New York*, No. 15-CV-6852, 2016 WL 676394, at *2 (E.D.N.Y. Feb. 17, 2016) (same); *Bliven v. Hunt*, 418 F. Supp. 2d 135, 137 (E.D.N.Y. 2005) (same).

### b. Plaintiff's suit is barred by absolute immunity

The Complaint against Judge Raggi stems from her role as the judge during Plaintiff's criminal prosecution in the Eastern District of New York. *See United States v. Johnson*, No. 89-CR-815. Plaintiff alleges that Judge Raggi acted without subject matter jurisdiction over him. (Compl. 3).

Plaintiff's allegations against Judge Raggi are foreclosed by absolute immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (noting that a judicial officer in the performance of his or her duties has absolute immunity from suit); *Shtrauch v. Dowd*, --- F. App'x ---, ---, 2016 WL 3212180, at *1 (2d Cir. June 10, 2016) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." (internal quotation marks omitted) (quoting *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009))). In overseeing the criminal proceeding against Plaintiff and sentencing Plaintiff after his conviction, Judge Raggi was performing her duties as the assigned district court judge. Judge Raggi therefore has absolute immunity, which forecloses Plaintiff's claim against her.

3

### III. Conclusion

Accordingly, the Complaint is dismissed as frivolous. *Fitzgerald*, 221 F.3d at 363. The Clerk of Court is directed to close this case. Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any application for *in forma pauperis* status for purposes of an appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: June 30, 2016
      Brooklyn, New York