UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

D.K. JOHNSON,

                      Plaintiff,

v.

JUDGE REENA RAGGI,

                      Defendant.

**MEMORANDUM & ORDER**
16-CV-2765 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

    Plaintiff D.K. Johnson, proceeding *pro se*, filed the above-captioned action against Judge Reena Raggi for her role in adjudicating a criminal proceeding against Plaintiff. (Compl., Docket Entry No. 1.) Plaintiff seeks money damages. (*Id.*) By Memorandum and Order dated June 30, 2016, the Court *sua sponte* dismissed the Complaint on grounds of absolute immunity (the "June 30 Decision"). *Johnson v. Raggi*, No. 16-CV-2765, 2016 WL 3647865, at *1–2 (E.D.N.Y. July 1, 2016). On July 15, 2016, Plaintiff submitted a letter to Chief Judge Dora Irizarry, challenging the June 30 Decision. (Docket Entry No. 8.) Because Plaintiff is proceeding *pro se*, the Court has construed the letter as a motion for reconsideration, (Pl. Mot. for Reconsideration ("Pl. Mot.")). *See Wiley v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (holding that courts must liberally construe papers submitted by *pro se* litigants). For the reasons discussed below, the Court denies Plaintiff's motion for reconsideration.

**I. Background**

    The Court assumes familiarity with the facts as set forth in the June 30 Decision and provides only a summary of the pertinent facts. *See Johnson*, 2016 WL 3647865, at *1–2. Plaintiff alleges that in November of 1989, while he was employed by the United States Navy at

the Brooklyn Naval Station, he was "arrested, indicted[1] and tried for attempted murder" in the Eastern District of New York. (Aff. of D.K. Johnson ("Johnson Aff.") ¶ 3, annexed to Compl.) Plaintiff was brought before Judge Raggi in the criminal proceeding, and Plaintiff's counsel "challenged the jurisdiction" of the court. (*Id.* ¶ 4.) Plaintiff alleges that the prosecutor failed to establish the court's jurisdiction over his prosecution, and that Judge Raggi stated that she had jurisdiction over the matter. (*Id.* ¶ 4–5.) Plaintiff alleges that Judge Raggi "knew that she lacked jurisdiction" over his prosecution and sentencing and "knew that she was committing a crime the moment [his] attorney challenged the jurisdiction." (*Id.* ¶ 5.) Plaintiff alleges that Judge Raggi's actions were "in violation of the due process clause of the Fifth and Fourteenth Amendment[s]." (*Id.*) In July of 1991, Plaintiff was "tried, convicted and sentenced to ten years in federal prison" by Judge Raggi. (*Id.* ¶ 10.)

## II. Discussion

### a. Standard of review

The standard for granting a motion for reconsideration is strict, and "[r]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cedar Petrochem., Inc. v. Dongbu Hannong Chem. Co., Ltd.*, 628 F. App'x 793, 796 (2d Cir. 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *Bank of Am. Nat'l Ass'n v. AIG Fin. Prods. Corp.*, 509 F. App'x 24, 27 (2d Cir.

---

[1] Plaintiff also alleges that the grand jury indictment against him was obtained "without establishing jurisdiction[;]" that the Naval Investigative Service Agents searched and seized "thousands of [his] personal documents, audio tapes, correspondence, bank books, letters, telephone bills and other property from [his] room, office, and van" without probable cause and in violation of the Fourth Amendment; and that some of this evidence was provided to the Federal Bureau of Investigation without a warrant and was ultimately used against him at trial. (Aff. of D.K. Johnson ("Johnson Aff.") ¶¶ 7–8, 10, annexed to Compl.)

2013) ("The standard for granting such a motion is strict . . . ." (quoting *Shrader*, 70 F.3d at 257)); *see also* Local Civ. R. 6.3 (The moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."); *Smith v. N.Y.C. Dep't of Educ.*, 524 F. App'x 730, 734 (2d Cir. 2013) ("To warrant reconsideration, a party must 'point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" (quoting *Shrader*, 70 F.3d at 257)).

It is thus "well-settled" that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made." *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014) (citations and internal quotation marks omitted). In order to prevail on a motion for reconsideration, "the moving party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (citations and internal quotation marks omitted); *see also Stoner v. Young Concert Artists, Inc.*, No. 11-CV-7279, 2013 WL 2425137, at *1 (S.D.N.Y. May 20, 2013) ("A motion for reconsideration is an extraordinary remedy, and this Court will not reconsider issues already examined simply because [a party] is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources." (alteration in original)); *Henderson v. City of New York*, No. 05-CV-2588, 2011 WL 5513228, at *1 (E.D.N.Y. Nov. 10,

3

2011) ("In order to have been 'overlooked,' the decisions or data in question must have been put before [the court] on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." (alterations in original) (citations omitted)).

    **b.   Reconsideration is unwarranted**

Plaintiff argues that reconsideration is appropriate because the Court failed to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure in the June 30 Decision. (Pl. Mot. 2.) In the June 30 Decision, the Court dismissed the Complaint on the basis of absolute immunity. *Johnson*, 2016 WL 3647865, at *2. The Court explained that Plaintiff's claims against Judge Raggi relate to actions that she took pursuant to her official duties as a district judge. *Id.*

Plaintiff fails to point to any facts or controlling law that the Court overlooked. *See Cedar Petrochem., Inc.*, 628 F. App'x at 796. In arguing for reconsideration, Plaintiff does not argue that the Court overlooked controlling law; he merely argues that the Court incorrectly interpreted the law. (Pl. Mot. 2.) In any event, Plaintiff's argument is meritless because the Court applied the appropriate standard in dismissing the complaint for failure to state a claim upon which relief may be granted. *Johnson*, 2016 WL 3647865, at *2 ("A complaint must plead enough facts to state a claim to relief that is plausible on its face. . . . [And] [a] complaint will be dismissed as frivolous when it is clear that the defendants are immune from suit." (citations and internal quotation marks omitted)).

### III. Conclusion

For the foregoing reasons, the Court declines to reconsider the June 2016 Decision.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: January 25, 2017
       Brooklyn, New York